*T. R. Cobb* and *J. M. Boyle,* for appellee.

---

## PERRIN ET AL. *v.* ROYAL ET AL.

PROMISSORY NOTE.—*Renewal.—Instructions.—Error.*—Where a promissory note sued on was given in renewal of six other notes executed by the defendant, it was error to charge the jury, that if they believed that after the execution of the note in suit the plaintiff retained the six notes originally made by the defendant, as subsisting liabilities, and failed or neglected to deliver them up, the finding must be for the defendant.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—This was an action by the appellants against the appellees upon a promissory note executed by the defendants to the plaintiffs, for something over fifteen thousand dollars, payable at the Franklin Bank of Lafayette, Indiana. Issue, trial, verdict, and judgment for the defendants.

The note sued on, it was assumed, was given in renewal of six other notes, which had been previously executed by the defendants to the plaintiffs. The court charged the jury, among other things, as follows:

"Fourthly. If the jury believe from the evidence that the note in suit was given in consideration of six other notes which the plaintiffs held against the defendants, and that after the execution of the note in suit the plaintiffs retained the said six notes as subsisting liabilities, and failed and

Perrin *et al. v.* Royal *et al.*

neglected to deliver them up to the defendants or either of them, then the jury must find for the defendants."

Exception was duly taken to the instruction, and the question presented by it is properly reserved.

We are of the opinion that the instruction was erroneous.

We need not determine whether the giving of the note sued on was a satisfaction of the former ones, or whether that was a question to be determined from the evidence showing the intention of the parties in that respect. Nor need we determine what, if any, presumption of law would arise in such a case. The old notes, or the debts evidenced thereby, furnished an ample consideration for the execution of the new, whether the old ones were surrendered at the time, or not.

Now, the new note operated as a satisfaction of the old ones, or it did not. If it did not, the plaintiffs had a right to retain them as subsisting liabilities, and to sue upon them in case the new note should not be paid at maturity. If, on the other hand, the new note operated as a satisfaction of the old, the fact that the plaintiffs retained them as subsisting liabilities could not prevent them from recovering on the new. The mere retention by the plaintiffs of the old notes was a matter of no importance as affecting their right to recover on the new. If the old notes were satisfied by the new one, any claim upon them by the plaintiffs as subsisting liabilities would, of course, be unfounded; but it is not perceived how such mistaken claim on their part could prevent their recovery upon a legal and valid demand. It seems to us, therefore, that in any aspect of the case, the instruction was erroneous. There are some other questions discussed in the case, but as they may not again arise, we pass them. For the reason above stated, the judgment below will have to be reversed.

The judgment below is reversed, with costs.

*R. C. Gregory* and *R. P. Davidson,* for appellants.

*J. R. Coffroth, T. B. Ward, W. C. Wilson,* and *J. H. Adams,* for appellees.